638 F.2d 41
 Winston Monroe HOLLOWAY, Appellant,
v.
C. A. BRUTON, Court Bailiff, Fourth Division, Pulaski
Circuit Court; Gerald Kirk, Pulaski County Deputy
Sheriff; and Mark Fryklund, Channel Four
Newservice Cameraman, Appellees.
 No. 79-1408.
 United States Court of Appeals,
Eighth Circuit.
 Submitted Nov. 10, 1980.
Decided Nov. 17, 1980.
 
 Winston Holloway, pro se.
 Akins & Matthews by John E. Matthews, Little Rock, Ark., for appellant.
 Wilbur C. Bentley, Pros. Atty., Sixth Judicial District of Arkansas by Hugh L. Brown and Larry D. Vaught, Deputy Pros. Attys., Little Rock, Ark., for appellees.
 Before HEANEY, BRIGHT and ROSS, Circuit Judges.
 PER CURIAM.
 
 
 1
 Before the Court is appellant's appeal from an order of the district court dismissing his civil rights action without prejudice.
 
 
 2
 In his original complaint, the appellant alleged that his constitutional right to a fair trial before an impartial jury was infringed by conspiratorial acts engaged in by the Pulaski County Sheriff, Gerald Kirk, and the court bailiff of the Pulaski Circuit Court for the Fourth Division, C. A. Bruton. The appellant's claim is that Messrs. Kirk and Bruton permitted the appellant and a codefendant to be photographed while being transported with other prisoners from the Pulaski County Courthouse to the county jail. At the time they were photographed, the prisoners were all handcuffed and chained together. The appellant contends that the dissemination of these photographs in conjunction with excessive adverse news coverage rendered it impossible for him to secure a fair trial. At the time the appellant filed this civil rights action, he was awaiting his criminal trial.[1]
 
 
 3
 The court below permitted the appellant to proceed in forma pauperis, 28 U.S.C. § 1915, but concluded later that the case was prematurely filed and dismissed the cause without prejudice.
 
 
 4
 We determine that the district court properly dismissed the appellant's case as premature. The lower court correctly reasoned that in order to receive monetary relief under the Civil Rights Act, 42 U.S.C. § 1983, for the deprivation of the right to a fair trial, a petitioner must establish that the alleged improper conduct in fact had that effect. McNally v. Pulitzer Publishing Co., 532 F.2d 69, 76 (8th Cir. 1976); Rosenberg v. Martin, 478 F.2d 520, 525 (2d Cir.), cert. denied, 414 U.S. 872, 94 S.Ct. 102, 38 L.Ed.2d 90 (1973).
 
 
 5
 The district court correctly reasoned that since the appellant had filed his complaint prior to his criminal trial, he could state no set of facts which could amount to a showing of present injury.
 
 
 6
 Now that his trial has finally resulted in conviction and has been affirmed on appeal to the Arkansas Supreme Court, Holloway v. State, 594 S.W.2d 2 (Ark.1980), he is free to reassert his civil rights claim.
 
 
 7
 The order of the district court is affirmed.
 
 
 
 [1]
 The appellant was charged with armed robbery of a Little Rock restaurant and with rape of a restaurant employee in 1975. He was convicted in a joint trial with his two codefendants and the conviction was affirmed on appeal by the Arkansas Supreme Court. Holloway v. State, 539 S.W.2d 435 (Ark.1976). The conviction was, however, reversed by the United States Supreme Court on the ground that the trial court had unconstitutionally failed to appoint separate counsel for the multiple defendants. Holloway v. Arkansas, 435 U.S. 475, 98 S.Ct. 1173, 55 L.Ed.2d 426 (1978). It was while the appellant was awaiting his retrial that the actions giving rise to the instant case occurred